# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BERGUELICH, | DOCKET NUMBERS |
| Appellants, | DC-0831-17-0089-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: April 5, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joel T. Camche</u>, Esquire, New York, New York, for the appellants.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1 The appellants have filed a petition for review of the initial decision, which dismissed for lack of jurisdiction their appeal of the October 17, 2016

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

reconsideration decision by the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellants are two children of a deceased Federal employee and his late wife. Consolidation Appeal File (CAF), Tab 1 at 2, 10.[3] In 2013, the appellants applied to receive the "accrued but unpaid annuity" owed to their father and the "accrued but unpaid survivor benefits" owed to their mother. *Id.* at 10. In an October 7, 2014 initial decision, OPM denied their request and, in an October 17, 2016 reconsideration decision, affirmed its initial decision. *Id.* at 5-6. The appellants timely appealed OPM's reconsideration decision to the Board. CAF, Tab 1. OPM moved to dismiss the appeal on the grounds that, upon further

---

[3] The two appellants filed identical separate appeals. *Mirian Berguelich v. Office of Personnel Management*, MSPB Docket No. DC-0831-17-0087-I-1, Initial Appeal File, Tab 1; *Delia Berguelich v. Office of Personnel Management*, MSPB Docket No. DC-0831-17-0086-I-1, Initial Appeal File, Tab 1. The regional office consolidated the appeals, assigning MSPB Docket No. DC-0831-17-0089-I-1 as the fixed-lead docket number. CAF, Tab 1 at 1.

review, it had determined that the reconsideration decision was deficient and had "completely rescinded" it. CAF, Tab 9 at 4. OPM indicated that it would issue a new reconsideration decision after the appeal was dismissed. *Id.* In an initial decision issued 5 days later, the administrative judge found that OPM completely rescinded the final decision, thereby divesting the Board of jurisdiction, and dismissed the appeal for lack of jurisdiction. CAF, Tab 10, Initial Decision (ID).

¶3     The appellants have filed a petition for review of the initial decision, arguing that the administrative judge misapplied the law, ignored the Board's regulations, and disregarded her own assurances that the appellants would be allowed to respond to the agency's motion before she decided the appeal. Petition for Review (PFR) File, Tab 2 at 4.[4] OPM has not responded to the appellants' petition.

¶4     If OPM completely rescinds a reconsideration decision, its rescission completely divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008). Here, OPM asserts that it has "completely rescinded" the reconsideration decision in this appeal and that it will issue a new reconsideration decision after the appeal is dismissed.[5] CAF, Tab 9 at 4. While the appellants object to the dismissal of the appeal, they do not dispute that the reconsideration decision has been rescinded.

---

[4] Along with their petition for review, the appellants submitted a motion to reconsider the initial decision and an opposition to the agency's motion to dismiss directed to the administrative judge. PFR File, Tab 2 at 5-7. The Board's regulations do not provide for these submissions on review, and we have therefore not considered them. *See* 5 C.F.R. § 1201.114(a) (identifying the pleadings allowed on review).

[5] Although the reconsideration decision at issue in this appeal is dated October 17, 2016, OPM's motion to dismiss indicates that it has completely rescinded its October 16, 2016 reconsideration decision. CAF, Tab 9 at 4, 6-7. Neither party has alleged that there are two reconsideration decisions dated within 1 day of each other, and the incorrect date in OPM's motion to dismiss appears to be a typographical error. Therefore, we have construed OPM's motion to dismiss as pertaining to its October 17, 2016 reconsideration decision. *Id.*

PFR File, Tab 2. Thus, we conclude that OPM has completely rescinded its reconsideration decision, thereby removing the matter from the Board's jurisdiction, and find that the administrative judge correctly dismissed the appeal for lack of jurisdiction. *Rorick*, 109 M.S.P.R. 597, ¶ 5.

¶5 We find no merit to the appellants' contention on review that, pursuant to the Board's decision in *Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 8 (2010), dismissal is inappropriate here because OPM did not express any intent to reverse or modify its initial decision. PFR File, Tab 2 at 4. In *Frank*, the Board found that the administrative judge erred in dismissing the appeal as moot following OPM's rescission of its final decision and assurance that it would grant the appellant a disability retirement benefit, but ultimately concluded that OPM's rescission of its final decision divested the Board of jurisdiction over the appeal and dismissed it for lack of jurisdiction. *Frank*, 113 M.S.P.R. 164, ¶¶ 8-9. Here, neither party has alleged that OPM's actions potentially rendered this appeal moot, and, even if there was a question of mootness, dismissal for lack of jurisdiction would still be appropriate given OPM's complete rescission of the reconsideration decision at issue in the appeal. *Id.*; CAF, Tab 9; PFR File, Tab 2.

¶6 We further find no merit to the appellants' contention that the administrative judge "ignored" 5 C.F.R. § 1201.29(b), which concerns the administrative judge's discretionary authority to dismiss an appeal without prejudice "when the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party." PFR File, Tab 2 at 4. As discussed above, the administrative judge properly dismissed the appeal for lack of jurisdiction as a result of OPM's complete rescission of its reconsideration decision, which divested the Board of jurisdiction over the appeal. ID at 1-2. Here, the administrative judge's dismissal is appropriate under the circumstances, notwithstanding any possible prejudice to the appellants; simply put, the case must be dismissed because the Board now lacks jurisdiction over the appeal. *See Rorick*, 109 M.S.P.R. 597, ¶ 5.

¶7        We additionally find unavailing the appellants' apparent contention that the administrative judge erred by dismissing the appeal for lack of jurisdiction because OPM "only wants to rewrite its reconsideration letter (as it had already done twice), for no discernable purpose except [further] unwarranted delay – further wasting its own resources and those of the Board, and with serious prejudice to appellants."  PFR File, Tab 2 at 4.  Although the Board may take jurisdiction over a retirement appeal if the appellant has made repeated requests for a reconsideration decision and the evidence shows that OPM does not intend to issue a final decision, *see, e.g.*, *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012), there is no indication here that OPM does not intend to issue a reconsideration decision.  Rather, OPM indicated its intent to issue a new reconsideration decision once this appeal is dismissed.  CAF, Tab 9 at 4.  OPM's alleged dilatory handling of the appellants' application for benefits provides no basis for the Board to assert jurisdiction over this appeal.

¶8        Lastly, we agree with the appellants that the administrative judge should not have dismissed the appeal without first providing them an opportunity to object to the agency's motion to dismiss.  *See* Administrative Judge's Handbook, Ch. 5, § 2(b) (stating that an administrative judge "should not rule on substantive, controversial, or complex motions without allowing the opposing party an opportunity to object").  We find, however, that this procedural error did not adversely affect the appellants' substantive rights and provides no basis to disturb the initial decision.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (providing that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶9        In light of the foregoing, we deny the appellants' petition for review and affirm the initial decision.  If the appellants are dissatisfied with OPM's new reconsideration decision, they may appeal that decision to the appropriate Board

regional office. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             /s/ for
                           _____

                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.